UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEHOMAR ALEJANDRO HERNANDEZ SEQUERA (A-244-742-274),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-7302 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Nehomar Alejandro Hernandez Sequera (A-244-742-274), a native of Venezuela who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus, and ordering petitioner's immediate release.

///

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner, a 49 year old native of Venezuela, has resided in the United States since October 4, 2024. (ECF No. 1 at 2.) Petitioner applied for asylum. (Id.) Petitioner has a valid employment authorization. (Id.) On October 4, 2024, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 6-1 at 1.) The Notice to Appear states petitioner is an arriving alien, and also states that petitioner was paroled into the United States pursuant to Section 212(d)(5) of the Immigration Act. (Id.)

On May 18, 2026, petitioner was detained by immigration authorities following a police encounter related to petitioner driving without a license. (ECF No. 1 at 2.) Petitioner does not have a final order of removal. (ECF No. 7 at 1.)

Petitioner filed a previous federal habeas petition, No. 3:26-cv-1590, which resulted in petitioner being granted a bond hearing.[4] (ECF No. 1 at 2.) On August 12, 2026, an immigration judge granted petitioner's custody redetermination and ordered his release on $15,000 bond with an alternative to detention ("ATD") at the discretion of the Department of Homeland Security. (Id.; ECF No. 6-3 at 1.) However, on August 19, 2026, a separate custody order denied petitioner's redetermination stating, "No jurisdiction. Respondent is an arriving alien." (ECF No. 1 at 2.) This immigration order did not find that petitioner was a danger to the community or likely to flee. (Id.)

Petitioner has a stable residence, employment, a bank account, and community and family support. (Id.) Petitioner has no criminal history other than an arrest for misdemeanor driving without a license. (Id.; ECF No. 6 at 2.)[5]

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 3.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[4] Petitioner did not provide the name of the court. (Id. at 2.)

[5] Respondent and the immigration Form I-213 refer to "operating motor vehicle w/o valid license 1st conviction." (ECF Nos. 6 at 2; 6-2 at 2.) However, the record contains no evidence petitioner

Respondent does not contest petitioner's factual allegations. (See ECF No. 7.)

## II. PROCEDURAL BACKGROUND

On September 10, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 22, 2026, respondent timely filed an answer. (ECF No. 6.) On September 30, 2026, petitioner filed a reply. (ECF No. 7.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises two claims for relief: (1) alleging unlawful and prolonged detention in violation of the Due Process Clause of the Fifth Amendment; and (2) due process requires an adequate custody review. (ECF No. 1 at 2-3.) Respondent does not argue that petitioner is a flight risk or a danger to the community, and instead argues that petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) because petitioner was an "applicant for admission," who entered the United States at the border and

---

was convicted.

sought asylum. (ECF No. 6 at 1 (citing Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) ("unadmitted aliens entering the United States at the border [are subject] to § 1225(b)(2)(A).").) Respondent further does not contend that petitioner has a criminal history. (See ECF No. 6.)

Nevertheless, respondent recognizes that petitioner's circumstances place him in the category of cases in which the Court typically finds a due process based liberty interest based on petitioner's parole into the United States from October 2024 to May 2026; his lack of criminal history other than his arrest for a misdemeanor moving traffic violation, i.e. operating a motor vehicle without a valid license; and (3) the August 12, 2026 order of the immigration judge that he be released from custody under bond of $15,000. (ECF No. 6 at 1-2.)

In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts

nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner is subject to mandatory detention under § 1225(b)(2) fails and the Court recommends granting the petition on statutory grounds. In light of the prior immigration judge's determination that petitioner should be released, the Court recommends granting the petition and ordering petitioner's immediate release.

## V. PETITIONER'S REMAINING CLAIMS

Because the Court recommends granting the petition on statutory grounds, the Court need not address petitioner's due process claims raised in the petition (claims one and two). See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks based on the court's ruling on statutory grounds.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on statutory grounds.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release petitioner Nehomar Alejandro Hernandez Sequera (A-244-742-274) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondent has custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondent be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/sequ7302.157.2241.imm.RELEASE