UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHOMAR ALEJANDRO HERNANDEZ SEQUERA (A-244-742-274),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07302-DC-CSK (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 8) |

Petitioner, an immigration detainee proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 6, 2026, the magistrate judge filed findings and recommendations in which the magistrate judge recommended that the petition for a writ of habeas corpus be granted on statutory grounds, and Petitioner ordered released. (Doc. No. 8.) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (*Id.*) That same day, Respondent objected to the findings and recommendations on the grounds that relief on statutory grounds is improper because Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A)

because he was paroled into the United States at the border. (Doc. No. 9.) Respondent further stated that "[i]f the recommended relief is awarded, it must rest on the Due Process Clause alone." (*Id.* at 2.) As Petitioner is proceeding pro se and the court will be granting the relief he seeks, the court will not await the filing of objections by Petitioner as that would delay the relief he seeks in his petition.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the recommendations to be supported by the record and by the magistrate judge's analysis. However, the undersigned will resolve the matter on due process grounds.[1]

This court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Respondent acknowledges that Petitioner was paroled into the country and that

---

[1] Because the court is granting the petition on due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

Petitioner's "circumstances place him in the category of cases in which the Court typically finds a due process based liberty interest." (Doc. No. 9) (citation modified). Given Respondent has not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, Respondent provides no basis upon which to reject the recommendation that Petitioner be released as relief for his due process claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 6, 2026 (Doc. No. 8), are ADOPTED IN PART;
2. Petitioner Nehomar Alejandro Hernandez Sequera's (A-244-742-274) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED as to Petitioner's due process claim;
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondent's custody with the same conditions he was subject to immediately prior to his detention in May 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
    c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;
    d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and
    e. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
3. The Clerk of the Court is directed to serve a copy of this order on the California City

Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dena Coggins
United States District Judge